Thomas F. Mazzucco - 306681
TFMazzucco@mpbf.com
John P. Girarde - 191518
JGirarde@mpbf.com
Christopher R. Ulrich - 271288
CUlrich@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 California Street, 14th Floor
San Francisco, CA 94104-1001
Telephone: (415) 788-1900
Facsimile: (415) 393-8087

Attorneys for Defendant
KELEOPS USA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF DISTRICT**

**OAKLAND DIVISION**

| | |
|---|---|
| JEFFREY GARON, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELEOPS USA, INC.,<br><br>Defendants. | Case No.: 4:25-cv-02124<br><br>**DEFENDANT KELEOPS USA INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant KELEOPS USA, INC. ("Keleops" or "Defendant") by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint (Dkt. 1, Exhibit A), as follows:

**GENERAL DENIAL**

Except as otherwise expressly stated herein, Keleops generally denies each and every allegation in the First Amended Complaint, including without limitation any allegations contained in the introduction, headings, and unnumbered Paragraphs. Keleops also specifically denies that it used or installed a pen register or caused any harm whatsoever to Plaintiffs. Keleops' response to the allegations

of the First Amended Complaint is organized to correspond to Plaintiff's headings as used in its First Amended Complaint, and Keleops uses these same headings solely for the convenience of the parties and the Court, and not because it agrees with or admits the validity or propriety of any of the headings. Keleops reserves the right to seek to amend or supplement its Answer as may be necessary or appropriate.

**NATURE OF THE ACTION**

1. Keleops denies that it owns and operates Gizmodo.com as alleged in Paragraph 1.

2. Keleops denies the allegations of Paragraph 2.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 4.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 5.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 6.

**THE PARTIES**

7. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the First Amended Complaint, and on that basis, denies them.

8. Keleops admits that it is a Delaware corporation with its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

9. Paragraph 9 states legal conclusions to which no response is required.

10. Paragraph 10 states legal conclusions to which no response is required.

11. Keleops denies the allegations of Paragraph 11.

12. Keleops denies the allegations of Paragraph 12.

13. Keleops denies the allegations of Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

## I. THE CALIFORNIA INVASION OF PRIVACY ACT

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 15 of the First Amended Complaint.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 16 of the First Amended Complaint.

17. Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 17 of the First Amended Complaint.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 18 of the First Amended Complaint.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 19 of the First Amended Complaint.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 20 of the First Amended Complaint.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for

themselves and denies any inconsistent characterization in paragraph 21 of the First Amended Complaint.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 22 of the First Amended Complaint.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 23 of the First Amended Complaint.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 24 of the First Amended Complaint.

## II. DEFENDANT VIOLATES THE CALIFORNIA INVASION OF PRIVACY ACT

### A. Defendant Installed The Trackers On Plaintiff's And Class Members' Browsers

25. Defendant denies that it owns and operates the website Gizmodo.com as alleged in paragraph 25. Defendant admits that Gizmodo.com is "one of the internet's very first tech news blogs, [and] is dedicated to fiercely independent reporting and commentary on technology, science, and internet culture."

26. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 26 of the First Amended Complaint, and on that basis, denies them.

27. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 27 of the First Amended Complaint, and on that basis, denies them.

28. Keleops admits that when an internet browser sends an "HTTP request" or "GET" request to Gizmodo.com's server to ask its website to load, in return, Gizmodo.com's server generally sends an

"HTTP response" back. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 28 of the First Amended Complaint, and on that basis, denies them.

29. Keleops admits that Gizmodo.com's server's instructions to an internet browser include instructions on how to properly display Gizmodo.com. Keleops denies the remaining allegations of Paragraph 29.

30. Keleops denies the allegations of Paragraph 30 of the First Amended Complaint.

31. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of the First Amended Complaint, and on that basis, denies them.

32. Keleops denies the allegations of Paragraph 32 of the First Amended Complaint.

33. Keleops denies the allegations of Paragraph 33 of the First Amended Complaint. To the extent a response is required, Keleops admits that it has not obtained a court order to install an alleged pen register, because Keleops denies all allegations that it has ever used or installed a pen register.

**B. The Mechanics And Privacy Implications Of IP Addresses**

34. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 34 of the First Amended Complaint, and on that basis, denies them.

35. Keleops admits that an IP address enables a device to exchange information with another device. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 35 of the First Amended Complaint, and on that basis, denies them.

1. Differentiating Between A Public Versus Private IP Address

36. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the First Amended Complaint, and on that basis, denies them.

37. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the First Amended Complaint, and on that basis, denies them.

38. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the First Amended Complaint, and on that basis, denies them.

39. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the

allegations set forth in Paragraph 39 of the First Amended Complaint, and on that basis, denies them.

40. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the First Amended Complaint, and on that basis, denies them.

41. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the First Amended Complaint, and on that basis, denies them.

42. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 42 of the First Amended Complaint, and on that basis, denies them.

43. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the First Amended Complaint, and on that basis, denies them.

44. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of the First Amended Complaint, and on that basis, denies them.

45. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 45 of the First Amended Complaint, and on that basis, denies them.

46. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 46 of the First Amended Complaint, and on that basis, denies them.

47. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47 of the First Amended Complaint, and on that basis, denies them.

48. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48 of the First Amended Complaint, and on that basis, denies them.

49. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 49 of the First Amended Complaint, and on that basis, denies them.

50. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the First Amended Complaint, and on that basis, denies them.

51. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the First Amended Complaint, and on that basis, denies them.

52. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52 of the First Amended Complaint, and on that basis, denies them.

53. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the

allegations set forth in Paragraph 53 of the First Amended Complaint, and on that basis, denies them.

54. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54 of the First Amended Complaint, and on that basis, denies them.

55. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55 of the First Amended Complaint, and on that basis, denies them.

56. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 of the First Amended Complaint, and on that basis, denies them.

**C. Data Brokers And Real-Time Bidding: The Information Economy**

57. Keleops denies the allegations of Paragraph 57 of the First Amended Complaint.

1. Data Brokers

58. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 58 of the First Amended Complaint, and on that basis, denies them.

59. Paragraph 59 states legal conclusions to which no response is required.

60. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 60 of the First Amended Complaint, and on that basis, denies them.

61. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 61 of the First Amended Complaint, and on that basis, denies them.

62. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62 of the First Amended Complaint, and on that basis, denies them.

63. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 63 of the First Amended Complaint, and on that basis, denies them.

64. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 64 of the First Amended Complaint, and on that basis, denies them.

65. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of the First Amended Complaint, and on that basis, denies them.

66. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 66 of the First Amended Complaint, and on that basis, denies them.

67. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the

allegations set forth in Paragraph 67 of the First Amended Complaint, and on that basis, denies them.

68. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 68 of the First Amended Complaint, and on that basis, denies them.

69. Keleops denies the allegations of Paragraph 69 of the First Amended Complaint.

2. Real-Time Bidding

70. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 70 of the First Amended Complaint, and on that basis, denies them.

71. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 71 of the First Amended Complaint, and on that basis, denies them.

72. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 72 of the First Amended Complaint, and on that basis, denies them.

73. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 73 of the First Amended Complaint, and on that basis, denies them.

74. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 74 of the First Amended Complaint, and on that basis, denies them.

75. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 75 of the First Amended Complaint, and on that basis, denies them.

76. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 76 of the First Amended Complaint, and on that basis, denies them.

77. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 77 of the First Amended Complaint, and on that basis, denies them.

78. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 78 of the First Amended Complaint, and on that basis, denies them.

79. Keleops denies the allegations of Paragraph 79 of the First Amended Complaint.

80. Keleops denies the allegations of Paragraph 80 of the First Amended Complaint.

81. Keleops denies the allegations of Paragraph 81 of the First Amended Complaint.

**D. The Trackers Are "Pen Registers"**

82. Keleops denies the allegations of Paragraph 82 of the First Amended Complaint.

83. Keleops denies the allegations of Paragraph 83 of the First Amended Complaint.

1. Steamrail Tracker

84. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 84 of the First Amended Complaint, and on that basis, denies them.

85. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 85 of the First Amended Complaint, and on that basis, denies them.

86. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 86 of the First Amended Complaint, and on that basis, denies them.

87. Keleops denies the allegations of Paragraph 87 of the First Amended Complaint.

88. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 88 of the First Amended Complaint, and on that basis, denies them.

89. Keleops denies the allegations of Paragraph 89 of the First Amended Complaint.

90. Keleops denies the allegations of Paragraph 90 of the First Amended Complaint.

91. Paragraph 91 states a legal conclusion to which no response is required.

92. Paragraph 92 states a legal conclusion to which no response is required.

93. Paragraph 93 states a legal conclusion to which no response is required.

2. AGKN Tracker

94. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 94 of the First Amended Complaint, and on that basis, denies them.

95. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 95 of the First Amended Complaint, and on that basis, denies them.

96. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 96 of the First Amended Complaint, and on that basis, denies them.

97. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 97 of the First Amended Complaint, and on that basis, denies them.

98. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 98 of the First Amended Complaint, and on that basis, denies them.

99. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the

allegation set forth in Paragraph 99 of the First Amended Complaint, and on that basis, denies them.

100. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 100 of the First Amended Complaint, and on that basis, denies them.

101. Paragraph 101 states a legal conclusion to which no response is required.

102. Paragraph 102 states a legal conclusion to which no response is required.

103. Paragraph 103 states a legal conclusion to which no response is required.

3. Crowd Control Tracker

104. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 104 of the First Amended Complaint, and on that basis, denies them.

105. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 105 of the First Amended Complaint, and on that basis, denies them.

106. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 106 of the First Amended Complaint, and on that basis, denies them.

107. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 107 of the First Amended Complaint, and on that basis, denies them.

108. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 108 of the First Amended Complaint, and on that basis, denies them.

109. Keleops denies the allegations of Paragraph 109 of the First Amended Complaint.

110. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 110 of the First Amended Complaint, and on that basis, denies them.

111. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 111 of the First Amended Complaint, and on that basis, denies them.

112. Paragraph 112 states a legal conclusion to which no response is required.

113. Paragraph 113 states a legal conclusion to which no response is required.

114. Paragraph 114 states a legal conclusion to which no response is required.

## III. DEFENDANT'S CONDUCT CONSTITUTES AN INVASION OF PLAINTIFF'S AND CLASS MEMBERS' PRIVACY

115. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the

allegation set forth in Paragraph 115 of the First Amended Complaint, and on that basis, denies them.

116. Keleops denies the allegations of Paragraph 116 of the First Amended Complaint.

**A. Defendant Uses The Streamrail Tracker For The Purposes Of Marketing And Advertising**

117. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 117 of the First Amended Complaint, and on that basis, denies them.

118. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 118 of the First Amended Complaint, and on that basis, denies them.

119. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 119 of the First Amended Complaint, and on that basis, denies them.

120. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 120 of the First Amended Complaint, and on that basis, denies them.

121. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 121 of the First Amended Complaint, and on that basis, denies them.

122. Keleops denies the allegations of Paragraph 122 of the First Amended Complaint.

**B. Defendant Uses The AGKN Tracker For The Purposes Of Marketing And Advertising**

123. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 123 of the First Amended Complaint, and on that basis, denies them.

124. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 124 of the First Amended Complaint, and on that basis, denies them.

125. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 125 of the First Amended Complaint, and on that basis, denies them.

126. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 126 of the First Amended Complaint, and on that basis, denies them.

127. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 127 of the First Amended Complaint, and on that basis, denies them.

128. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 128 of the First Amended Complaint, and on that basis, denies them.

129. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 129 of the First Amended Complaint, and on that basis, denies them.

130. Keleops denies the allegations of Paragraph 139 of the First Amended Complaint.

### C. Defendant Uses The Crowd Control Tracker For The Purposes Of Marketing, Advertising, And Analytics

131. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 131 of the First Amended Complaint, and on that basis, denies them.

132. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 132 of the First Amended Complaint, and on that basis, denies them.

133. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 133 of the First Amended Complaint, and on that basis, denies them.

134. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 134 of the First Amended Complaint, and on that basis, denies them.

135. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 135 of the First Amended Complaint, and on that basis, denies them.

136. Keleops denies the allegations of Paragraph 136 of the First Amended Complaint.

## IV. PLAINTIFF'S EXPERIENCE

137. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 137 of the First Amended Complaint, and on that basis, denies them.

138. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 138 of the First Amended Complaint, and on that basis, denies them.

139. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 137 of the First Amended Complaint, and on that basis, denies them.

140. Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 137 of the First Amended Complaint, and on that basis, denies them.

141. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, Keleops admits that it has not obtained a court order to install an alleged pen register, because Keleops denies all allegations that it has ever used or installed a pen register and also

denies the remaining allegations of Paragraph 141.

142. Paragraph 142 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 142.

## CLASS ALLEGATIONS

143. Keleops admits that Plaintiff purports to bring this action as a class action on behalf of the "Class" as defined in paragraph 143 of the First Amended Complaint.

144. Paragraph 144 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 144 and denies that this action is properly maintainable as a class action.

145. Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 145 and denies that this action is properly maintainable as a class action.

146. Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 146 and denies that this action is properly maintainable as a class action.

147. Paragraph 147 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 147 and denies that this action is properly maintainable as a class action.

148. Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 148 and denies that this action is properly maintainable as a class action.

149. Paragraph 149 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 149 and denies that this action is properly maintainable as a class action.

**CAUSES OF ACTION**

**COUNT I**

Violation Of The California Invasion Of Privacy Act,

Cal. Penal Code § 638.51(a)

150. Keleops repeats and re-alleges its responses to Paragraphs 1-149 of the First Amended Complaint as if fully set forth herein.

151. Keleops admits that Plaintiffs purport to bring this action as a class action on behalf of the "Class" as defined in paragraph 143 of the First Amended Complaint.

152. Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 152 of the First Amended Complaint.

153. Paragraph 153 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 153 of the First Amended Complaint.

154. Paragraph 154 states legal conclusions to which no response is required. To the extent a response is required, Keleops states that the applicable provisions of the California Penal Code speak for themselves and denies any inconsistent characterization in paragraph 154 of the First Amended Complaint.

155. Keleops denies the allegations of Paragraph 155 of the First Amended Complaint.

156. Paragraph 156 states legal conclusions to which no response is required. To the extent a response is required, Keleops lacks knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 156 of the First Amended Complaint, and on that basis, denies them.

157. Paragraph 157 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 157.

158. Paragraph 158 states legal conclusions to which no response is required. To the extent a

response is required, Keleops admits that it has not obtained a court order to install an alleged pen register, because Keleops denies all allegations that it has ever used or installed a pen register and also denies the remaining allegations of Paragraph 158.

159. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Keleops denies the allegations of Paragraph 159.

**PRAYER**

Keleops denies that Plaintiff is entitled to any relief requested or to any relief whatsoever.

**JURY TRIAL DEMANDED**

Keleops admits that the First Amended Complaint requests a jury trial.

**AFFIRMATIVE AND OTHER DEFENSES**

Keleops identifies the following affirmative defenses and reserves the right to raise additional defenses as discovery proceeds. Keleops does not assume the burden of proof on any issue, however characterized, on which it does not bear that burden.

**FIRST AFFIRMATIVE DEFENSE**

The First Amended Complaint has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members also lack statutory standing to assert the claims alleged in the First Amended Complaint because they have not alleged or sustained an injury.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' purported claims are barred to the extent that the statutes relied upon are preempted or otherwise invalid, void, unenforceable, and/or inapplicable to the alleged conduct

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class members are not entitled to any relief because Keleops' conduct did not proximately cause any damages, injury, or loss to Plaintiff or any putative class member.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' purported claims are barred because of their consent

to the conduct alleged in the First Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff and their counsel are not adequate representatives of those they purport to represent.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's purported claims are barred by provisions contained in the parties' agreement, including, but not limited to, Gizmodo.com's Terms of Service, Privacy Policy and/or Cookie Policy to which Plaintiff and the putative class members agreed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's purported claims in the First Amended Complaint are barred, in whole or in part, by the applicable statute(s) of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's purported claims against Keleops are barred, in whole or in part, because Plaintiffs have failed to, and cannot, satisfy the requirements for maintenance of a class action, including, but not limited to, the required elements of ascertainability, commonality, typicality, adequacy, predominance, and superiority.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff's and the putative class members' purported claims are barred because they have not suffered any cognizable injury where they voluntarily provided their IP addresses to Gizmodo.com, and did not have any reasonable expectation of privacy in such information they made public.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's purported claims against Keleops are barred, by the doctrines of impossibility/impracticability, because if Cal. Penal Code § 638.50 et seq. applies solely to the collection of a visitor's IP address, then websites could not function as an IP address is necessary to direct web traffic, including loading a website.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's purported claims against Keleops are barred by the doctrines of impossibility and/or impracticability. It is legally and factually impossible for Keleops, through its subsidiary Gizmodo USA LLC, to have violated the referenced statutes through acts or

omissions that occurred before Gizmodo USA LLC's acquisition of the Gizmodo.com business on June 7, 2024. Therefore, any alleged violations occurring from 2010 to March 2024 were committed by a separate, unaffiliated entity, Gizmodo Media Group, LLC, and not by Keleops or its subsidiary.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The named Plaintiff lacks standing to represent unnamed class members.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class are not entitled to any recovery from Keleops because any alleged injury was caused in whole or in part by the acts or omissions of persons or entities other than Keleops or Gizmodo USA LLC. Specifically, the alleged injuries were caused by Gizmodo Media Group, LLC, which owned and operated the website during the period when the alleged violations took place.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the independent, intervening, and superseding acts of the prior website owners. Specifically, the alleged conduct—including the implementation of "Trackers"—was committed or alleged to have been committed by Gizmodo Media Group, LLC, a separate and unaffiliated entity, prior to Gizmodo USA LLC's acquisition of the Gizmodo.com business on June 7, 2024. Gizmodo USA LLC had no participation, control, or involvement in the acts and omissions that form the basis of the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any damages or other recovery to which Plaintiff or the putative class may be entitled were caused by the wrongful acts or omissions of persons or entities other than Keleops, including caused by Gizmodo Media Group, LLC or other third-party entities who controlled the website Gizmodo.com before June 7, 2024. As such, to the unlikely extent that Gizmodo USA LLC is found liable in any amount, it is entitled to complete or partial equitable or contractual indemnity from these other parties. of persons or entities other than Keleops.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's claims are barred in whole or in part because Cal. Penal Code § 638.50 et seq. violates Keleops' substantive and procedural due process rights under the United States Constitution. The award of the requested statutory damages would violate Keleops'

substantive and procedural due process rights under the United States Constitution and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's claims are barred because they have failed to join indispensable parties. The indispensable parties include Gizmodo Media Group, LLC, which owned and operated the website during the period of the alleged violations, from 2010 to March 2024. These indispensable parties are the entities who committed the alleged acts and therefore must be part of this lawsuit for a complete adjudication of the matter.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class member's claims are barred because they have failed to join indispensable parties, the entities who owned Gizmodo.com during the years alleged in the complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

Keleops states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative and other defenses. Keleops reserves the right to assert additional affirmative and other defenses in the event that discovery indicates it would be appropriate.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Keleops and Gizmodo USA LLC are not vicariously liable for the alleged acts or omissions of Gizmodo Media Group, LLC. Gizmodo USA LLC is a distinct legal entity and is not a mere continuation of its predecessor. Therefore, Plaintiff and the putative class cannot hold Gizmodo USA LLC responsible for the alleged conduct of a separate and unaffiliated company.

**PRAYER FOR RELIEF**

WHEREFORE, Keleops prays for judgment as follows:

1. That Plaintiffs take nothing by way of the First Amended Complaint on file herein;
2. That all requests for equitable and/or injunctive relief of any kind of denied;
3. That judgment be entered in Keleops' favor and against Plaintiffs on all causes of action;
4. That Keleops be awarded the costs of suit incurred herein; and

5. That Keleops be awarded such other and further relief as this Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Keleops requests a jury trial on all issues so triable.

Dated: September 16, 2025

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ Thomas F. Mazzucco
Thomas F. Mazzucco
John P. Girarde
Christopher R. Ulrich
Attorneys for Defendant
KELEOPS USA, INC.

TFM.5170709.docx